which the City is authorized to impose on each and every purchase of electricity, metered or bottled gas, water service, telephone or telegraph service in an amount not exceeding ten per cent of the sum received from the purchaser within the City. Such taxes are derived from the proceeds of the utility and they are controlled by the same resolution as the taxes discussed in the preceding paragraph. The following cases treated and upheld bonds serviced by a similar tax: State v. Florida State Improvement Commission, 159 Fla. 350, 31 So. (2nd) 554; Prescott v. Board of Public Instruction of Hardee County, 159 Fla. 663, 32 So. (2nd) 731; State v. State Board of administration, 157 Fla. 360, 25 So. (2nd) 880; State v. Escambia County, 153 Fla. 282, 14 So. (2nd) 576.

It follows that the Sewer Revenue Bonds validated by the decree appealed from were expressly authorized by Chapter 24,992, Acts of 1947, that they do not constitute bonds within the contemplation of Section 6, Article IX of the Constitution, because they are not secured by a pledge of the taxing power on any property or utility of the City. They expressly state that no lien is created by them on any real or physical assets of the city. They are limited obligations of the City payable solely from the sources discussed in this opinion and no others.

The judgment appealed from is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.

**FLORIDA ATHLETIC & HEALTH CLUB, a non-profit corporation organized under the laws of the State of Florida, and R. G. SMILEY, duly authorized officer of Florida Athletic & Health Club, v. C. E. ROYCE and AUDREY S. ROYCE, his wife.**

| | |
|---|---|
| 33 So. (2nd) 222 | June Term, 1947 |
| September 30, 1947 | June Term, 1947 |
| Rehearing denied February 4, 1948 | Division B |

Affirmed.

**LOUIS W. KOCH v. EMMA WEY, a widow**

| | |
|---|---|
| 33 So. (2nd) 442 | June Term, 1947. |
| September 30, 1947 | Division B |
| Rehearing denied February 4, 1948 | |

Certiorari denied.